**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: CR 07-085-C-EJL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM ORDER |
| | ) | |
| JEROME JOHN LOEW, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court in the above-entitled matter is Defendant's motion for appointment of a guardian *ad litem*.  The motion is made for the purpose of assisting defense counsel in determining whether to assert a mental status defense in this matter.  The Government has filed a motion in limine to preclude the use of an insanity defense based on Federal Rule of Criminal Procedure 12.2.  The trial in this case is set to begin on Monday, November 5, 2007.  Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2)(ii).

**Discussion**

The Defendant is charged with harassing telephone calls, two counts of interstate stalking, four counts of interstate violation of a protective order, and two counts of interstate telephone threats. (Dkt. No. 11). The Government sought a mental evaluation of the Defendant and the Court ordered the same. The evaluation was completed on June 29, 2007 deeming the Defendant to be mentally competent to stand trial.

I.     Motion for Appointment of Guardian *Ad Litem*

The instant motion by defense counsel, filed one week before trial, notes that counsel remains concerned regarding the Defendant's ability to assist in his defense and whether the Defendant is able to perceive or understand whether he actually committed the offenses. Defense counsel believes a mental state defense is appropriate in this case but the Defendant has precluded the defense attorney from raising a mental incapacity defense in this matter.[1] As a result, defense counsel has filed this motion noting that the "benefit of appointing a guardian ad litem is that such a person, even if they were an attorney, would not be bound by the provisions of [the Idaho Rules of Professional Conduct] Rule 1.2(a) and could do what is in the defendant's best interests." (Dkt. No. 49).

The defense motion provides no authority upon which the Court can rely in

---

[1] Chief Magistrate Judge William's recent order, however, reflects that at a hearing on July 24, 2007, defense counsel represented that no independent examination occurred. (Dkt. No. 43).

determining whether to appoint a *guardian ad litem*.  The Court's own research has revealed that in the civil setting, the Court shall appoint a *guardian ad litem* for an incompetent person "not otherwise represented in an action or shall make such other order as it deems proper for the protection of the... incompetent person." Fed. R. Civ. P. 17(c).  There is case law suggesting appointment and payment for a *guardian ad litem* is proper under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(e) in circumstances where an adult defendant is deemed mentally incompetent.  See United States v. Ecker, 489 F.Supp.2d 130, 138 (D. Mass. 2007); United States v. King, 473 F.Supp.2d 1182, 1184 (M.D. Ala 2007).  This motion highlights counsel's conflict between his professional obligations to his client and what he believes to be a worthy trial strategy.  The Court does not question that this conflict may exist.  The issue presented by this motion, however, goes to the question of whether the Defendant is competent to stand trial.  The Defendant in this case has not been deemed incompetent to stand trial and is not in the same situation as individuals who may warrant appointment of a guardian *ad litem*.  See King, 473 F.Supp.2d at 1184.  The Government requested and was granted a mental evaluation where the Defendant was determined to be competent.  The defense has neither requested nor conducted, as far as the Court is aware, any independent evaluation to suggest otherwise.[2]  Raising this issue at this late stage is not only extremely late but also highly prejudicial.  Defense

---

[2] The motion makes a reference to a private mental examination of the Defendant made by Dr. Greg Wilson. This is contrary to the statements of the Chief Magistrate Judge that the Defendant may be seeking an independent evaluation.  (Dkt. No. 43).

counsel makes clear in this recent filings that he has been aware of this issue for quite some time and could have and should have raised the issue long ago. (Dkt. Nos. 48, 49). In fact defense counsel represented to the Chief Magistrate Judge that an independent evaluation may be necessary which further delayed the Court making a determination on the Defendant's competency at that time. (Dkt. Nos. 20, 43). Therefore, the Court denies the request for an appointment of a guardian *ad litem* at this time. See Avery, 328 F.Supp.2d at 1275.

## II.   Motion in Limine

The Government has filed a motion in limine to preclude the defense from raising any mental condition defense based upon the failure to comply with the notice requirements of Federal Rule of Criminal Procedure 12.2 and because such testimony is irrelevant. Rule 12.2 states:

> (a) Notice of an Insanity Defense. A defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk. A defendant who fails to do so cannot rely on an insanity defense. The court may, for good cause, allow the defendant to file the notice late, grant additional trial-preparation time, or make other appropriate orders.

The plain language of this rule requires that written notice be given by the defense within the time for filing a pretrial motion, which in this case was on October 10, 2007, prior to asserting an insanity defense.  Failure to do so precludes the defense from relying on an insanity defense.  The defense concedes that no notice has been filed.

The Defendant may "nevertheless may interpose his insanity defense at trial if he establishes sufficient 'cause' for his failure to satisfy the notice requirement." Government of Virgin Islands v. Knight, 989 F.2d 619, 628 (3rd Cir. 1993).  "To establish cause, a criminal defendant must provide both an explanation for the late assertion of insanity and some evidence that this defense may prevail." Id.  Here, the defense provides little in the way of an explanation for the tardy filing and no evidence that it may prevail on the claim.  Just the opposite, the filings indicate that defense counsel has been aware of this issue for some time now and this motion should have been filed sooner but that "this is the first time in his entire career that [he] has been faced with this situation and [he] only recently thought his way through to a clear resolution of the question of what his conduct should be."  (Dkt. No. 49, p. 6).  This explanation is wholly insufficient to demonstrate cause for failing to file the requisite Rule 12.2 notice in this case or to raise this issue prior to the week before trial is set to commence.  Nor is good cause demonstrated by the defense's response to the Government's motion stating that based on the Defendant's conduct in this case and conversations between counsel "the government can scarcely be surprised that the

defendant's mental state could be at issue." (Dkt. No. 48, p. 2).  Therefore, the Court grants the Government's motion in limine.  The Defendant is precluded from raising the issue of insanity during the trial.

Defense counsel argues alternatively that while no Rule 12.2 notice has been filed because of the Defendant's refusal to pursue the mental condition defense, this case "may furnish legal cause for a late filing or even for the court taking the lead in instructing the jury on the mental defense, if the evidence adduced at trial so warrants." (Dkt. No. 48, pp. 3, 6) (if "the evidence presented at trial demonstrates that a mental defense should be considered by the jury, then the court should instruct them on that mental defense." (Dkt. No. 48, p. 6)).  Arguing that if the evidence offered at trial warrants a mental defense, the Court must then instruct the jury on the issue.  The defense cites no support for this position.

It is the Court's duty to instruct the jury on the law that applies to the case. "The legal standard is generous: a defendant is entitled to an instruction concerning his theory of the case if the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, inconsistent, or of doubtful credibility." United States v. Kayser, 488 F.3d 1070, 1076 (9th Cir. 2007) (citation and quotations omitted).  "A defendant needs to show only that there is evidence upon which the jury could rationally sustain the defense.  Where...factual disputes are raised, this standard protects the defendant's right to have questions of evidentiary weight and credibility resolved by the jury." Id. (citations omitted); see also United

States v. Winn, 577 F.2d 86, 90 (9th Cir. 1978) ("A defendant is entitled to an instruction concerning his theory of the case if it is supported by law and has some foundation in the evidence.  Where there exists sufficient evidence to go to the jury on an issue, a party is entitled to an instruction relating to the defense....").  Whether an instruction regarding the elements of the crimes alleged is appropriate in this case is a question that must be resolved after the evidence has been presented.

That being said, the insanity defense is still not available to the Defendant in this case.   "[W]here a Federal Rule of Criminal Procedure indicates that noncompliance with its provisions will constitute a waiver of future objections based on the subject matter of the rule, no relief from waiver is available on review absent a showing of cause and prejudice.  Rule 12.2 clearly implies that a defendant who fails to comply with its provisions waives his right to raise an insanity defense. " Winn, 577 F.2d at 88 (citation omitted); see also US v. Veatch, 674 F.2d 1217, 1224-225 (9th Cir. 1981).  "The Advisory Committee notes to rule 12.2 make it clear...that the purpose of the rule is substantive, not formalistic.  It is to give the Government time to prepare to meet a defendant's insanity defense.  Once insanity is raised as a defense, the Government must bear the burden of proving sanity beyond a reasonable doubt.  In view of the significance of this burden, justice requires prior notice to the Government of an insanity defense. Rule 12.2 is designed to insure that both the defendant and the Government have ample opportunity to investigate the facts of an issue critical to the determination of guilt or innocence." Id. (citations omitted).

Attempting backdoor an insanity defense at this late stage is improper.  Defense counsel's failure to file the requisite Rule 12.2 notice precludes him from raising it as a defense.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court HEREBY ORDERS as follows:

1)     Government's Motion in Limine (Dkt. No. 41) is **GRANTED**.

2)     Defendant's Motion to Appoint Guardian AD Litem (Dkt. No. 49) is **DENIED**.

3)     The trial remains set to begin on **Monday, November 5, 2007** in Moscow, Idaho.

DATED:  **October 31, 2007**

Honorable Edward J. Lodge
U. S. District Judge